## G. Petry, Administrator, v. E. Booth, Administratrix.

When the succession of a partner in community is unsettled and insolvent, the Court will restrain by injunction any creditor of the community from seizing and selling the community property—that property being the common pledge of the creditors of the community.

APPEAL from the District Court of Vermillion, *Voorhies*, J.

*J. W. Walker*, for plaintiff.  *D. O'Bryan*, for defendant and appellant.

Lea, J.  In this case the plaintiff in his capacity of administrator of the estate of his deceased wife, *Salema E. Wofford*, seeks to enjoin further proceedings on an execution issued for the enforcement of a judgment against him personally, on the ground that the property seized belongs to the community existing between himself and his deceased wife, of whose succession he is the administrator, the same being yet unsettled and insolvent, and on the further ground that the debt upon which the judgment against him is based, was itself a debt of the community.

It is admitted that at the death of Mr. *Petry*, the property seized belonged to the community, and it appears also from admissions on file that the debt sought to be enforced was contracted during the existence of the community. The property seized in execution was adjudicated to the plaintiff under the provisions of Article 338 of the Civil Code.  It is clear, even assuming the calculation of the defendant's counsel to be correct, that the assets of the community are insufficient to discharge the debts without a sale of at least a part of the property adjudicated, the whole of which, including that which is now the subject matter of litigation, is the common pledge of the creditors of the community.  If any person other than the plaintiff, were the administrator of the succession of Mr. *Petry*, we think he would have a right to demand that the adjudication be set aside, and that the property adjudicated be sold in the course of administration for the payment of the debts of the community; and for the purpose of protecting or enforcing this right, that he would be entitled to an injunction to prevent the alienation of the property adjudicated.

If this would be the right of any other administrator, we think that right is not extinguished by the fact that the person, to whom the property is adjudicated, is himself the administrator.

It is ordered that the judgment be affirmed with costs.